# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 06/30/2022 04:47 PM
NYSCEF DOC. NO. 1
INDEX NO. 155533/2022
RECEIVED NYSCEF: 06/30/2022

Case 7:22-cv-06452-KMK   Document 1-1   Filed 07/29/22   Page 2 of 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
OLIVIA BERGANZA,

                               Plaintiff,

        -against-

DAGON MARINE, LLC,

                              Defendant.
-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates **NEW YORK** County as the place of trial. The basis of venue is location of accident

**To the above-named Defendant:**

      **You are hereby summoned** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within 20 days after the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
          June 30, 2022

                                                Thomas H. Straub, Esq.
                                               Rosenbaum & Rosenbaum, P.C.
                                               *Attorneys for Plaintiff*
                                               100 Wall Street, 15th Floor
                                               New York, NY 10005
                                               (212) 514-5007

TO:    DAGON MARINE, LLC
          10 Montrose Avenue
          Jersey City, New Jersey 07307

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
OLIVIA BERGANZA,

                         Plaintiff,                        Index No.:

     -against-                                 **VERIFIED COMPLAINT**

DAGON MARINE, LLC,

                         Defendant.
-------------------------------------------------------------------X

Plaintiff, OLIVIA BERGANZA, by her attorneys, Rosenbaum & Rosenbaum, P.C., set forth and allege the following, upon information and belief, as and for her Verified Complaint:

1. That the occurrence which gave rise to the commencement of this action took place in the City, County and State of New York.

2. That the occurrence which gave rise to the commencement of this action took place on a duly commissioned, registered and/or documented vessel used in navigation on the navigable waters of the United States, located in the Hudson River in the City, County and State of New York, and therefore the obligations, rights, and liabilities of the parties are governed by general maritime law.

3. That currently, the Plaintiff, OLIVIA BERGANZA, is a resident of the County of Westchester, State of New York.

4. Upon information and belief and at all relevant times, Defendant, DAGON MARINE, LLC (hereinafter referred to as "DAGON"), was and still is a foreign business company duly organized and existing under and by virtue of the laws of the State of New Jersey.

5. Upon information and belief and at all relevant times, Defendant, DAGON, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New Jersey.

6. Upon information and belief and at all relevant times, Defendant, DAGON, was and still is a domestic partnership duly organized and existing under and by virtue of the laws of the State of New Jersey.

7. Upon information and belief and at all relevant times, Defendant, DAGON, maintained its principal office in the County of Hudson, State of New Jersey at 10 Montrose Avenue, Jersey City, New Jersey 07307.

8. That at all times hereinafter mentioned, the Defendant, DAGON, engaged in continuous and systematic course of doing business in the State of New York.

9. That at all times hereinafter mentioned, the Defendant, DAGON, transacted business and purposefully availed itself of the privilege of conducting business in the State of New York, invoking the benefits and protections of the laws of the State of New York.

10. That at all times hereinafter mentioned, the Defendant, DAGON, was the registered owner of a certain vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances and fixtures adjoined thereto.

11. That at all times hereinafter mentioned, the Defendant, DAGON, was the registered lessor of a certain vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

NYSCEF DOC. NO. 1
INDEX NO. 155533/2022
RECEIVED NYSCEF: 06/30/2022

Case 7:22-cv-06452-KMK   Document 1-1   Filed 07/29/22   Page 5 of 10

12. That at all times hereinafter mentioned, the Defendant, DAGON, was the registered lessee of a certain vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

13. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, operated the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

14. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, managed the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

15. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, maintained the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

16. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, controlled the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

17. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, supervised the vessel named "Justine" with a

Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

18. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, inspected the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto.

19. Upon information and belief and at all relevant times, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, were charged with the duty of keeping the aforementioned vessel, "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, together with its appurtenances adjoined thereto, in a reasonably safe condition, free from traps, nuisances and other dangers constituting a menace to all persons lawfully and properly on the vessel.

20. That at all times hereinafter mentioned, the Defendant, DAGON, its agents, servants, employees, assignees, and/or contractors, caused, created, permitted and allowed a dangerous, hazardous, defective condition to exist and remain on the vessel named "Justine" with a Hull Number of 280001, Primary Vessel Number 920615, and Vessel Call Sign of WDC3633, and more particularly the exterior stairway located on the outside deck thereon of the vessel on May 21, 2021.

21. On or about May 21, 2021, while Plaintiff, OLIVIA BERGANZA, was lawfully, carefully and properly a passenger traversing over and along the deck, and more particularly exterior stairs located upon the aforementioned vessel named, "Justine" which was presently docked at the "North Cove Marina" adjacent to Vesey Street within the State, County and City of

New York when owing to the negligence of the Defendant she suddenly and without any notice or warning to her, was caused to slip and fall on the steps of an exterior staircase on the deck of the aforementioned vessel.

22. That the aforesaid occurrence was cause by reason of the negligence of the Defendant, DAGON, in that their agents, servants, licensees, independent contractors and/or employees, jointly and individually, were negligent and reckless in the ownership, maintenance, operation, control and use of the vessel, and more specifically the exterior stairway located on the deck thereof in that the aforementioned stairway was negligently maintained and controlled; in maintaining and allowing a dangerous stairway and mat/runners thereon to exist; in failing to properly inspect said stairway and mat/runners thereon; in failing to properly clean said stairway and mat/runner thereon; in causing, permitting and allowing the subject stairs and mat/runner thereon to become treacherous, hazardous and dangerous to guests, patrons, and all persons lawfully upon the vessel, and Plaintiff in particular; in failing to erect barricades to prevent access and warn users of the dangerous conditions then and there existing; in failing to keep the subject stairway and mat/runner thereon in proper and reasonable condition fit for public use; in failing to warn the Plaintiff of the dangerous conditions then and there existing on the subject stairway and mat/runner thereon; in failing to prevent the occurrence complained of herein; in failing to take the necessary steps to remove or remedy the dangerous conditions then and there existing; in negligently permitting, allowing, and/or creating a slippery condition on the aforementioned stairway and mat/runner thereon; in allowing the aforementioned dangerous conditions to exist on the stairway and mat/runner thereon for a sufficient length of time to allow the condition to be discovered; in that they failed to adequately inspect and maintain the subject vessel in a good, safe

and useable condition; in the negligent hiring, training, and retention of agents, employees, assigns and/or independent contractors responsible for the maintenance, repair, and control of the aforesaid commercial boat, stairway and mat/runner thereon; in negligently causing, permitting and allowing the stairway and the mat/runner thereon to bunch, peel, become uneven and hilly, and otherwise defective so as to constitute a trap, snare, and tripping hazard; in negligently causing, permitting and allowing the mat/runner to lose friction, thereby allowing same to constitute a hazard; in negligently failing to replace the worn/torn mat/runner with a newer mat/runner sufficient to allow same to avoid bunching, lumping and otherwise failing to prevent same from becoming hilly, thus allowing it to become a hazard; and in other ways being negligent, and careless in the repair, maintenance, control, and management of the aforesaid vessel.

23. By reason of the foregoing, Plaintiff was made sick, sore, lame and disabled and has remained so since the occurrence; has suffered and continues to suffer from severe pain, suffering, physical distress and anguish, fright, shock and nervousness; has and will be required to undergo painful medical treatments; has been and will continue to be prevented from attending to her usual activities; and, upon information and belief, Plaintiff's injuries are permanent in nature.

24. The aforesaid occurrence and the injuries and damages the Plaintiff sustained were caused solely by the negligence and carelessness of the Defendant and were not due to any negligence on the part of the Plaintiff.

25. This action falls within one or more of the exceptions contained in C.P.L.R. 1601 and 1602.

26. Upon information and belief and at all relevant times, Plaintiff's damages exceed the monetary jurisdiction of all Courts below that would otherwise have jurisdiction over this action.

27. By reason of the foregoing, Plaintiff, OLIVIA BERGANZA, was damaged and demand judgment against Defendant, together with all the costs and disbursements of this action.

**WHEREFORE,** Plaintiff, OLIVIA BERGANZA, demands judgment against Defendant, DAGON MARINE, LLC, in an amount that exceeds the jurisdictional limits of the lower Courts, all together with all the costs and disbursements of this action.

Dated: New York, New York
   June 30, 2022

Thomas H. Straub, Esq.
ROSENBAUM & ROSENBAUM, P.C.
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, New York 10005
212-514-5007

## VERIFICATION

STATE OF NEW YORK - COUNTY OF NEW YORK

**THOMAS H. STRAUB,** an attorney duly admitted to practice before the Courts of the State of New York hereby affirms the following to be true upon information and belief under penalty of perjury:

I am associated with **ROSENBAUM & ROSENBAUM, P.C.**, attorneys of record for the Plaintiff in the above action.

I have read the annexed *SUMMONS AND VERIFIED COMPLAINT* and know the contents thereof. The same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by Plaintiff, is that Plaintiff resides outside of the county in which I maintain my law office.

The grounds of my belief as to all matters not stated therein upon my own knowledge are as follows: a review of the file maintained by this office, books, records, and investigation.

Dated: New York, New York
       June 30, 2022

_____
Thomas H. Straub, Esq.
**Rosenbaum & Rosenbaum, P.C.**
*Attorney(s) for Plaintiff*
100 Wall Street, 15th Floor
New York, New York 10005
(212) 514-5007